UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| ASHLEY STORY, | |
| Plaintiff, | Case No. 3:21-cv-00667 |
| v. | Judge Eli J. Richardson |
| | Magistrate Judge Alistair E. Newbern |
| DICKSON COUNTY SHERIFF'S OFFICE et al., | |
| Defendants. | |

## **MEMORANDUM ORDER**

On March 9, 2022, the Court ordered pro se Plaintiff Ashley Story to show cause why her claims in this action should not be dismissed for failure to request summonses or effect service of process in accordance with Federal Rule of Civil Procedure 4 on Defendants Dickson County Sheriff's Office and Officer f/n/u Whitworth. (Doc. No. 6.) Story has responded to the show-cause order and requested an extension of time to effect service. (Doc. No. 7.) For the reasons that follow, the Court finds that Story has shown cause that the action should not be dismissed at this time. However, Story has not shown that she has properly served the defendants in accordance with Rule 4's requirements. In light of Story's pro se status, the Court will extend the time for service under Rule 4(m).

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of

process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or by the court on its own initiative. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

Federal Rule of Civil Procedure 4(c) requires that "[a] summons must be served with a copy of the complaint . . . within the time allowed by Rule 4(m)" by a "person who is at least 18 years old and not a party" to the action. Fed. R. Civ. P. 4(c)(1)–(2). "The plaintiff is responsible

for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(l) requires that, "[u]nless service is waived, proof of service must be made to the court" and, "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

The docket reflects that Story has not requested summonses or filed proof of service on either defendant. Because Story appears pro se, the Court will exercise its discretion and EXTEND the service period to May 2, 2022. Story is warned that failure to perfect service by that date may result in a recommendation that this case be dismissed without prejudice for failure to effect service under Rule 4m.

The Clerk of Court is DIRECTED to mail Story a copy of the Court's information sheet for pro se litigants regarding service of process. Story may also access that information sheet and other resources for pro se litigants on the Court's website: https://www.tnmd.uscourts.gov/pro-se-nonprisoner-litigation-self-help-resources.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge