UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ASHLEY STORY, | |
|      Plaintiff, | Case No. 3:21-cv-00667 |
| v. | Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |
| DICKSON COUNTY SHERIFF'S OFFICE et al., | |
|      Defendants. | |

To:    The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

On August 29, 2023, the Court found that pro se Plaintiff Ashley Story had not responded in opposition to the motion for summary judgment filed by Defendants Dickson County Sheriff's Office (DCSO) and DSCO Corrections Officer f/n/u Whitworth (Whitworth) in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 28.) Accordingly, the Court ordered Story to show cause by September 19, 2023, why the Magistrate Judge should not recommend that the Court dismiss this action under Federal Rule of Civil Procedure 41(b) for Story's failure to prosecute her claims. (*Id.*) The Court further ordered Story to file any response in opposition to the defendants' motion for summary judgment by September 1, 2023.[1] (*Id.*) The docket shows that Story has not complied with the Court's show-cause order or responded to the defendants' motion for summary judgment.

---

[1]    This was a typographical error. The Court intended to set the deadline for both filings as September 19, 2023. Because Story has not filed anything in response to the Court's orders, however, the Court finds it reasonable to assume that her failure to do so is not because of this mistake.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Rule 41(b) for Story's failure to prosecute and find moot the defendants' motion for summary judgment.

## I.     Relevant Background

This action arises out of Story's pretrial detention in the Dickson County Jail in Charlotte, Tennessee, where Whitworth works as a corrections officer. (Doc. No. 1.) Story alleges that Whitworth sprayed mace in her face after Story refused to provide a urine sample on the advice of her counsel. Story states that the mace "ate parts of [her] flesh away" and left her with a "scar" on the "mole on [her] face.". (*Id.* at PageID# 6.) Story filed a complaint asserting civil rights claims against the DCSO and Whitworth and seeking money damages to cover her medical expenses, among other requested relief. (*Id.*) Story paid the Court's civil filing fee. (Doc. No. 2.) The Court referred the action to the Magistrate Judge to oversee service of process, enter a scheduling order for case management, and dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 5.)

The docket shows that Story effected service of process on the DCSO and Whitworth after the Court issued a show-cause order and extended the deadline for her to do so under Federal Rule of Civil Procedure 4(m). (Doc. Nos. 6–11.) Counsel for DCSO and Whitworth appeared (Doc. No. 12) and filed an answer to the complaint (Doc. No. 15). The Court entered case management orders setting deadlines for filing and responding to dispositive motions. (Doc. Nos. 16, 20.)

The defendants filed a motion for summary judgment (Doc. No. 23) on May 5, 2023, and certified that they served a copy of their motion, supporting memorandum of law, accompanying exhibits, and statement of undisputed material facts on Story via U.S. mail. (Doc. Nos. 23, 24, 25, 26, 26-1–26-3.)

On August 29, 2023, the Court found that Story had not filed a response in opposition to the defendants' motion for summary judgment within the timeframe provided in the Court's scheduling orders. (Doc. No. 28.) The Court therefore ordered Story to show cause by September 19, 2023, why the Magistrate Judge should not recommend that the Court dismiss this action under Rule 41(b) for Story's failure to prosecute her claims. (*Id.*) The Court further ordered Story to respond to the defendants' motion for summary judgment by September 1, 2023. (*Id.*) The Court also warned Story that failure to comply with its show-cause order would "likely result in a recommendation that her complaint be dismissed. (*Id.* at PageID# 116.)

The docket shows that Story has not responded to the Court's show-cause order or the defendants' motion for summary judgment.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

## III.    Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Story.

### A.     Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Here, there is no indication that bad faith motivated Story's failure to respond to the defendants' motion for summary judgment and failure to respond to the Court's show-cause order. However, Story actively participated in this litigation from 2021 until at least January 1, 2023 (Doc. Nos. 1, 7, 10, 11, 20), "showing that [s]he is capable of prosecuting h[er] claim[s] against [DCSO and Whitworth] when [s]he is so inclined." *Rogers v. S. Health Partners*, Case No. 3:18-cv-01388, 2020 WL 4237378, at *2 (M.D. Tenn. June 30, 2020), *report and recommendation adopted*, 2020 WL 4227507, at *1 (M.D. Tenn. July 23, 2020). Further, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Eidam v. James*, Case No. 21-11579, 2022 WL 3146864, *2 (E.D. Mich. July 5, 2022) (finding that first factor weighs in favor of dismissal where pro se plaintiff "failed" to "respond to the motion for summary judgment or the Court's Order to Show Cause" because "'defendants cannot be expected to defend an action' that plaintiff has 'apparently abandoned, not to mention the investment of time and resources expended to defend this case'" (quoting *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008))), *report and recommendation adopted by* 2022 WL 3142958, at *1 (E.D. Mich. Aug. 5, 2022).This factor therefore weighs in favor of dismissal.

### B.     Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the

plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, the defendants answered the complaint (Doc. No. 15) and filed a motion for summary judgment (Doc. No. 23). Those steps are typical of the early stages of litigation and were not necessitated by Story's delay. *See Schafer*, 529 F.3d at 739; *see also Baxter v. Civic*, Case No. 3:18-cv-01338, 2020 WL 3488018, at *3 (M.D. Tenn. June 26, 2020) (finding that answering complaint and filing motion for summary judgment are steps "typical of the early stages of litigation"). This factor weighs against dismissal.

## C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at

615). The Court warned Story that failure to respond to its show-cause order and failure to respond to the defendants' motion for summary judgment would likely result in a recommendation of dismissal. (Doc. No. 28.) This factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though DCSO and Whitworth have moved for summary judgment. *See Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Story's failure to prosecute and that the defendants' motion for summary judgment (Doc. No. 23) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 9th day of November, 2023.

ALISTAIR E. NEWBERN
United States Magistrate Judge